BI FENG XIE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.

No. 09–0166–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2009.

---

* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

Gary J. Yerman, New York, NY, for Petitioner.

Anthony West, Assistant Attorney General, Civil Division; James A. Hunholt, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bi Feng Xie, a native and citizen of China, seeks review of a December 19, 2008 order of the BIA affirming the February 6, 2007 decision of Immigration Judge Brigitte LaForest, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Feng Xie*, No. A095 688 119 (B.I.A. Dec. 19, 2008), *aff'g* No. A095 688 119 (Immig. Ct. N.Y. City Feb. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). In doing so, we review factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed facts are reviewed *de novo*. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). For asylum applications such as Xie's, which are governed by the REAL ID Act of 2005, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether these indicators go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

In this case, the IJ's adverse credibility determination is supported by substantial evidence. The IJ accurately noted that although Xie stated in her airport and "credible fear" interviews that she was fleeing China to avoid marriage, she later

testified that she fled China after she was forced to undergo an abortion. *See Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir. 2005) (finding it reasonable to base an adverse credibility determination "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses").

Additionally, the IJ noted that Xie also testified inconsistently when asked to explain her failure to mention the forced abortion during her airport and credible fear interviews. Xie initially testified that, after she arrived in the United States, she spoke with her parents, who advised her to claim that she was fleeing a forced marriage and informed her of the smuggler's threat. When asked how she knew to assert a forced marriage claim at the airport interview, which was conducted prior to Xie's conversation with her parents, Xie admitted that she had not been truthful. A reasonable fact finder would not be compelled to accept Xie's explanation for her failure to mention her forced abortion during her airport and credible fear interviews after she admitted that she had not been truthful during those sessions. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Moreover, contrary to Xie's arguments, the administrative record before the court suggests that the record of her airport interview is an accurate representation of her statements. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Thus, the IJ properly relied on the airport interview in finding that Xie provided inconsistent accounts. *See Guan,* 432 F.3d at 398.

The IJ also made a negative demeanor finding noting that Xie refused to deviate from a "narrative" when asked a specific question about the manner in which her alleged abortion was performed. The IJ's evaluation of Xie's demeanor in assessing her credibility is entitled to "particular deference." *See Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005).

The adverse credibility determination in this case was also a valid basis for denying Xie's claims for withholding of removal and CAT relief, which were based on the same factual predicate as her asylum claim and required Xie to satisfy a higher burden of proof. *See Paul v. Gonzales,* 444 F.3d 148, 155 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted with respect to this petition is VACATED, and any pending motion for a stay of removal during the review of this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).